## ADAMS *v.* BUSHEY.

Where a view has been had during a trial before a referee, it is no cause for setting aside the report that a second view was taken by the referee alone after the hearing, the court at the trial term having found, as a matter of fact, that the fairness of the trial was not affected by the second view.

It is not sufficient cause for setting aside a report, that a party said in the presence of the referee, after the hearing, that he felt anxious about the case, it appearing that the referee declined to say anything or hear anything said concerning the case.

ASSUMPSIT, for labor performed and materials furnished by the plaintiff in repairing the defendant's house. A certain sum was found due the plaintiff by a referee, whose report the plaintiff moved to set aside on the ground that after the trial the referee, without the knowledge of the plaintiff, opened the case, examined the work and materials in controversy in the presence of the defendant, and heard her suggestions with respect to them. The court found the following facts: The trial lasted several days, and a view was taken. In his closing argument, the defendant's counsel requested the referee to examine the house again. Nothing more was said about another view. Several days after the trial

the referee went alone to the house and examined the outside. Needing some implement for taking measures, he rang the bell, and obtained from the defendant a yard-stick. She asked him if he wished to come in, and he replied that he might. He took some measures, went into the basement and cellar from the outside, made an examination there alone, came out, and returned the yardstick. As he was coming away, the defendant said she felt anxious about the case. The referee declined to talk or hear her talk about the case, and departed.

The court found that the referee supposed he could properly take a view as he did, because a view had been taken during the trial, because no reply was made to the request of the defendant's counsel made in argument, and because the first view and the trial had shown the referee the particular points of controversy on which an examination of the house would be useful, and the presence of the parties or their counsel was not necessary to secure the fairness or completeness of the second view. As a matter of fact, the fairness of the trial was not affected by the second view, and the plaintiff suffered no injustice therefrom. The court denied the plaintiff's motion, and he excepted.

*Norris & Rand,* for the plaintiff. The policy of the law clearly is, that all which goes to make up the trial of a cause shall be in open court, or in the presence of all the parties. It is made a, statute law of this state, that "No judge, justice, magistrate, county commissioner or commissioners, in whose court, or before whom any suit at law or equity, petition, or other proceeding is pending, or to be heard or tried, shall listen to any statements in regard thereto, except in open court, or in the presence of all parties thereto." "Any person who shall make any statements in regard to the merits of any such cause, suit, or proceeding, to any judge, justice, magistrate, or county commissioner, except in open court, or in the presence of all parties, shall be deemed guilty of contempt, and fined not less than fifty dollars." G. L., *c.* 211, *ss.* 9, 10. The language use by the defendant to the referee, after the trial of the cause had been completed, without the knowledge and in the absence of the plaintiff, upon the occasion of his visit at her house to make an examination of the work done by the plaintiff upon the house, and while the arbitrator had the case under consideration, that "she felt anxious about the case," as well as the examination of the work and materials by the referee, in the absence and without the consent of the plaintiff, were calculated to influence his decision, and invalidated the award. And, although the court below found "As a matter of fact, the fairness of the trial was not affected by the second view, and the plaintiff suffered no injustice therefrom," and overruled the motion to set aside the award, it was an erroneous ruling in matter of law, and a subject of exception. *Munde* v. *Lambie,* 125 Mass. 367 ; *Alger* v. *Thomp-*

*son*, 1 Allen 453 ; *Johnson* v. *Holyoke Water-Power Co.*, 107 Mass. 472 : *Oleson* v. *Meader*, 40 Iowa 662 ; *Brown* v. *Pippin*, 12 Heisk. (Tenn.) 657 ; *Bradbury* v. *Cony*, 62 Me. 223 ; *Bowler* v. *Washington*, 62 Me. 302 ; *Vanmeter* v. *Kitzmiller*, 5 W. Va. 380 ; *Woods* v. *State*, 43 Miss. 364 ; *Johnson* v. *Root*, 2 Clif. 108 ; *McIntire* v. *Hussey*, 57 Me. 493 ; *Allen* v. *Aldrich*, 29 N. H. 63 ; *State* v. *Hascall*, 6 N. H. 352 ; *McIlvaine* v. *Wilkins*, 12 N. H. 474 ; *Hilton* v. *Southwick*, 17 Me. 303 ; *Hix* v. *Drury*, 5 Pick. 296 ; *Knight* v. *Freeport*, 13 Mass. 218 ; *Tate* v. *Vance*, 27 Gratt. (Va.) 571 ; *Whitney* v. *Whitman*, 5 Mass. 405.

Whether the fairness of the trial was in fact affected by the irregularity or not, or whether the defendant suffered injustice therefrom, was wholly immaterial. We do not charge any intentional misconduct upon the referee.

*Gould* and *Mugridge*, for the defendant. I. The house became a part of the evidence, which the referee was bound to consider in determining the cause. His second examination developed no new evidence. It was merely a proper method of considering and weighing what was already properly before him ; and we respectfully submit, that under the circumstances of this case he had the same right to examine the house in connection with the other evidence, as he would have had to examine a plan or model had they been properly before him, or the testimony of the witnesses as shown by his minutes or recalled by his memory.

II. Counsel for the defendant especially requested the referee to make the second examination. The plaintiff and his counsel heard the request, made no objection, and did not refer to the matter either in final argument, or at any other time.

III. The remark made by the defendant was in no way calculated or intended to influence the mind of the referee. It is within the common knowledge of mankind that parties to suits are anxious about their cases. The remark gave no information to the referee which he did not already have, it aroused no thought in his mind of which he had not always been conscious, it was made by a person unacquainted with the requirements and proprieties of legal trials, and it bore no fruits either for good or for evil. The authorities cited in the plaintiff's brief are based upon the ground either that the complaining party was injured by the act complained of, or that the court could not say that he was not. That is not this case. The fact that the referee acted in good faith, that he was guilty of no misconduct, that he did not talk to hear the defendant talk in regard to the case, that his examination of the house, and all the circumstances connected with the same, including the remark of the defendant, were harmless, that no injustice was done, that the fairness of the trial was not affected, are determined by the court below. The question of law, if there be any, which is submitted to this court, is, whether a solemn award,

made upon a fair and impartial trial, shall be set aside because of some act on the part of the referee or a party, which, as a matter of fact, injured no one's cause and affected no one's rights.

We submit that before an award or a verdict will be set aside, the conduct complained of must be such that at least the court can presume some injustice resulted therefrom. In the case at bar, the finding of the court below precludes such presumption even. A party who has received no injury should not be heard to complain. Prof. Jur., ss. 392, 405; *Morris* v. *Howe*, 36 Iowa 490; *United States* v. *Reid*, 12 How. 361; *State* v. *Knapp*, 45 N. H. 148; *Peacham* v. *Carter*, 21 Vt. 515; *Wright* v. *Rogers*, 2 Penn. (N. J.) 547; *Price* v. *Lambert*, 2 Penn. (N. J.) 533; *Reins* v. *The People*, 30 Ill. 257; *Whelchell* v. *The State*, 23 Ind. 89.

CLARK, J. The fact that the referee, after the hearing was closed, in the absence of the parties, examined the house and made measurements, was not, as a matter of law, cause for setting aside the report; and the court at the trial term has found, as a matter of fact, that the fairness of the trial was not affected by the second view, and that the plaintiff suffered no injustice therefrom. *Straw* v. *Truesdale*, 59 N. H. 109; *George* v. *Fellows, post.* In the remark made by the defendant to the referee, "that she felt anxious about the case," we fail to discover any intention to influence the referee, or anything that could affect his decision. To set aside a report without cause after a fair trial would do injustice to both parties.

*Exceptions overruled.*

DOE, C. J., did not sit: the others concurred.